UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON


CIVIL ACTION NO. 2:14-cv-205 (WOB-CJS)


WILLIAM R. PARKER, ET AL.                          **PLAINTIFFS**


VS.


ASTRAZENECA PHARMACEUTICALS LP,
ET AL.                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER


This is a products-liability action for personal injuries.
Plaintiff William Parker alleges that he suffered a heart attack and
contracted diabetes after ingesting the cholesterol drug CRESTOR®,
manufactured by Defendants AstraZeneca Pharmaceuticals LP and
AstraZeneca LP (collectively "AstraZeneca") and distributed by
McKesson Corporation.  Plaintiff Merry Parker alleges loss of her
husband's consortium.  (Doc. 1-1, KY Complaint, at 4-15.)

The case is currently before the Court on a motion to dismiss
filed by AstraZeneca.  (Doc. 6.)  The Court has reviewed the parties'
briefs and concludes that oral argument is not necessary.  For the
following reasons, the Court grants Defendants' motion to dismiss.

### I. FACTS

On July 22, 2010, Plaintiff William Parker, a citizen and
resident of Demossville, Kentucky, suffered a heart attack.  Around
the same time, Plaintiff was diagnosed with diabetes.  Plaintiffs

allege that Parker's health problems are related to his use of the cholesterol drug CRESTOR®, manufactured and distributed by Defendants. (Doc. 1-1, KY Complaint, at 4-5.)

Plaintiffs filed an action in California state court arising out of the same events and asserting the same claims against the same defendants on July 19, 2011. (Doc. 6-2, CA Complaint, at 4-17.) On September 30, 2011, the California state court granted Defendants' forum non conveniens motion and stayed the case in order to allow Plaintiffs to re-file in Kentucky. (Doc. 6-4, CA Order, at 2-3.)

Plaintiffs then waited more than three years to re-file in Kentucky state court. They filed the exact same suit in Pendleton Circuit Court on November 5, 2014. (Doc. 1-1, KY Complaint, at 4-15.)

AstraZeneca removed the Kentucky state-court action to this Court on December 8, 2014, (Doc. 1-1, Notice of Removal, at 1), and filed the instant motion to dismiss based on the statute of limitations on December 15, 2014, (Doc. 6).

## II. ANALYSIS

Kentucky Revised Statutes section 413.140(1)(a) provides a one-year statute of limitations for actions based on personal injuries. That statute of limitations begins to run after a cause of action accrues. *See* Ky. Rev. Stat. Ann. § 413.140(1). For purposes of the instant motion, the Court assumes that Plaintiffs' claims accrued at latest when they filed their initial action in California state court on July 19, 2011. Because Plaintiffs did not file their complaint in Kentucky state court until November 5, 2014, more than three years after the filing of the initial lawsuit and more than four years after

2

Parker's heart attack, the statute of limitations presumptively bars their claims.

Plaintiffs' argument against dismissal of this case based on the statute of limitations is nonsensical.   Their argument essentially boils down to the following: Because the California state-court action was timely filed and that court stayed that action rather than dismissing it, this Court must prevent Defendants from ever raising a statute of limitations defense.   But the California court's order contemplates that the Kentucky statute of limitations might bar Plaintiffs' claims:   "The forum non conveniens motion is GRANTED and the case is STAYED pending final resolution of a case filed in Kentucky. **The stay may be lifted upon a determination . . . that the claims are time barred.**"   (Doc. 6-4, CA Order, at 3 (emphasis added).)

The effect of a dismissal by this Court, then, does not somehow give Defendants an additional advantage as Plaintiffs claim.   Despite Plaintiffs' wholly unreasonable delay in filing an identical lawsuit in Kentucky, this litigation likely will resume in California because the state court there retained jurisdiction over the case.

### III. CONCLUSION

For the foregoing reasons, the Court grants AstraZeneca's motion to dismiss Plaintiffs' claims as barred by the statute of limitations.

Therefore, having heard the parties and the Court being sufficiently advised,

**IT IS ORDERED** that:

(1)   Defendants' motion to dismiss (Doc. 6) be, and is hereby, **GRANTED**;

(2)   A separate judgment shall enter concurrently herewith.

This 12th day of February, 2015.



**Signed By:**

***William O. Bertelsman***   *WOB*

**United States District Judge**